## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In Re:** | ) | |
| **RICHARD P. BUTKO and** | ) | Case No. 20-21255 GLT |
| **LORRAINE E. BUTKO,** | ) | Chapter 13 |
| Debtors. | ) | Docket No. |
| | ) | Hearing Date and Time: |
| **RICHARD P. BUTKO and** | ) | May 20, 2020 at 10:00 a.m. |
| **LORRAINE E. BUTKO,** | ) | Responses due: May 11, 2020 |
| Movants, | ) | Related to Doc. No. 15, 16 |
| vs | ) | |
| **RONALD A. CICCOZZI,** | ) | |
| Respondent. | ) | |

## DEBTORS' RESPONSE TO MOTION FOR RELIEF FROM STAY AND FOR EQUITABLE RELIEF FILED BY RONALD A. CICCOZZI

Richard P. Butko and Lorraine E. Butko ("Butkos') request that the motion for relief from the stay ("Motion") filed by Ronald A. Ciccozzi ("Ciccozzi") be denied.

1. Ciccozzi is not entitled to relief from stay for the following reasons:

   a. The Butkos are in possession of their residence;
   b. Possession of their residence is a "possessory interest";
   c. This possessory interest is protected by the automatic stay;
   d. The Ciccozzi/Butko loan agreement matures within five years of the petition date;
   e. The Butkos have a right to modify the agreement;
   f. The Butkos' plan provides for full payment of the claim on a modified basis;
   g. The plan payments are adequate protection of Ciccozzi's interest in the property; and
   h. The Butkos' residence is necessary for an effective reorganization.

1

2. The Butkos and Ciccozzi entered into a settlement agreement concerning the parties rights related to a property located at 120 Heather Drive, Monaca, PA which the Butkos utilize as their residence. The agreement was approved by this Court in the Butkos' prior chapter 13 case (no. 16-23695). A copy of the settlement agreement is attached as **Exhibit "A"** ("Agreement"). A copy of the order approving the settlement is attached as **Exhibit "B"**.

3. The Agreement converted the parties contractual relationship from a lease to an installment land sale agreement and a vendor/vendee relationship. See, Court's opinion dated April 9, 2018 at case no. 16-23695 entered at docket no. 220, pages 6-10 (the "Opinion"). The Agreement is a novation, a substituted new contract. See, **Exhibit "A"** (Agreement), para. 27).[1] The Agreement requires the Butkos to pay 36 monthly payments of $1,675 and then Ciccozzi is required to deed the property the Butkos. **Exhibit "A",** para. 3, 5 and 21. It also requires Ciccozzi to pay property insurance and real estate taxes during the 36 month payment period. **Exhibit "A",** para. 23.

---

[1] It provides, in part "All rights and remedies that the Ciccozzi and the Butkos may have had with respect to one another shall be extinguished and merged into this Agreement and any further rights or remedied may only arise under this Agreement and the Order of Court ..."

4. The Butkos admit they are in default under the Agreement. The Agreement requires total payments of $60,300. As of the petition date (April 13, 2020), the Butkos have paid Ciccozzi a total of $25,825 which is about 48.1% of what is due under the Agreement as of the petition date and 42.8% of the total owed under the Agreement.[2]

5. Under Pennsylvania law the Agreement is a clearly an installment land sale contract and the type of security device covered by Act 6. *Anderson Contracting Company v. Daugherty*, 274 Pa. Super. 13, 19, 417 A.2d 1227, 1232 (1979) *appeal dismissed* 492 Pa. 630, 425 A.2d 329 (1980).[3] The property is a residential property under Act 6 because of its residential use and the dollar amount of the obligation. 41 P.S.§101; see, definitions of "residential mortgage and "base figure".

6. Pennsylvania bankruptcy courts which have addressed the question have followed *Anderson Contracting* and have classified installment land contracts as security devices subject to Act 6. *In re Belmonte*, 240 B.R. 843, 850 (Bankr. E.D. Pa. 1999), aff'd in part, rev'd in part, 279 B.R. 812 (E.D. Pa. 2001) citing *Bankers Trust Co. v. Grove (In re*

---

[2]The total payments by the Butkos to Ciccozzi to date under the first and second leases and Agreement exceed the total due under both lease agreements.

[3] The Superior Court stated "In short, we hold that for the purposes of Act 6 a vendor under a land sale contract will be deemed to "secured by a lien upon real property".

*Grove),* 208 B.R. 845, 846–47 (Bankr.W.D.Pa.1997); *In re Paveglio,* 1995 WL 465339, *4 (Bankr.M.D.Pa., May 21, 1993); *In re Gochenaur,* 1995 WL 465332, *4 (Bankr.M.D.Pa.1993); *Rowe v. Conners (In re Rowe),* 110 B.R. 712, 723 (Bankr.E.D.Pa.1990); *In re Capodanno,* 83 B.R. 285, 286 (Bankr.E.D.Pa.1988); *Fox v. Hill (In re Fox),* 83 B.R. 290, 297–302 (Bankr.E.D.Pa.1988).

7. This Court in the Opinion concluded that the Agreement was a installment land sale agreement governed by Act 6. See Opinion, pp. 6 -10.

8. The Butkos were unsuccessful in a state court action to require Ciccozzi to provide Act 6 notices.[4]

---

[4] In January, 2019, the Butkos filed an action against Ciccozzi in the Court of Common Pleas of Beaver County Pennsylvania to obtain a declaratory judgment that the Butkos were entitled to statutory notices under Act 6 and the judgment for possession issued by this Court was in the nature of a confessed judgment which obligated Ciccozzi to "conform" the judgment in state court before executing on it. Ciccozzi argued that the Butkos were barred from raising Act 6 defenses. Butkos argued that doctrine of res judicata was not a bar on the grounds that this Court's discussion in the Opinion that Butkos were barred from raising the right to an Act 6 notice was not the holding of the case. The Court's decision *was in favor of the Butkos* based up the doctrine of waiver, that Ciccozzi waived the default. This Court's discussion of judicial estoppel was therefore dicta (not essential to the Court's decision) and not binding on any other court. On March 18, 2020, the Honorable Dale Fouse, despite acknowledging that he may have reached different result regarding the Act 6 notice issue (Movant's Exhibit A, page 2) decided against the Butkos by holding that this Court's decision on April 9, 2018 was res judicata on the issue as to whether the Butkos were entitled to an Act 6 notice

9. 11 U.S.C. §1322(b)(5) permits a debtor to cure a default on a secured claim.

10. Ciccozzi argues that he is entitled to relief stay in light of: 1) the strict terms of Agreement, 2) the existence of a substantial arrears, 3) a lack of adequate protection, 4) the Butkos continuous attempts to block Ciccozzi from repossession the property, and 5) equitable principals.

11. Under Pennsylvania law vendees (the Butkos) under an installment land sale agreement retain an interest in the property until the property is sold. This issue was addressed in *Bankers Trust Co. v. Grove (In re Grove),* 208 B.R. 845, 846–47 (Judge Fitzgerald, Bankr. W.D.Pa.1997). In *Grove* the Honorable Judith K. Fitzgerald explained the nature of vendee's interest under an installment land sale agreement in Pennsylvania when the vendee is in possession:

> Debtors have remained in possession of the property. This fact is relevant to whether Debtors retain any interest in the property. *In In re Atlantic Business and Community Corporation*, 901 F.2d 325 (3d Cir. 1990), the Court of Appeals for the Third Circuit held that the possessory interest of a

---

before Ciccozzi could seek to enforce the judgment for possession. Judge Fouse earlier ruled that the right to a judgment for possession under the Agreement was not a confessed judgment provision.

tenant-at-sufferance was "sufficient to invoke the protections of the automatic stay" and that mere possession created a property interest. 901 F.2d at 328. In the case at bar, Debtors' possessory interest is entitled to the same protection. Notwithstanding the judgment for possession entered in favor of Bankers Trust, Debtors' possessory interest was not terminated prepetition because the property was not sold at foreclosure. Debtors remained in possession as of the bankruptcy filing date and Bankers Trust was precluded from obtaining possession, …by virtue of the …the automatic stay. Pursuant to *Atlantic Business*, supra, Debtors' possessory interest is sufficient for denial of relief from stay pending further proceedings in this case.

12.    Because the Butkos were in possession on the petition date, they have a "possessory interest" in the property which is protected by the automatic stay provisions of 11 U.S.C. Sec. 362.

13.    Section 362(d)(1) and (2) of the Bankruptcy Code provides two grounds for granting relief from stay, which are 1) lack of "adequate protection" or 2) no equity in the property *and* the property is not necessary for an effective reorganization.

14.    Ciccozzi is not entitled to relief from the automatic stay because:

a.    Monthly payments to Ciccozzi under the Debtors' Plan is "adequate protection";
b.    The property will be sold within one year;
c.    The Butkos have $190,000 equity (based on a valuation estimate of $225,000); and

d.  The property is their residence and that of their three grandchildren and as such is necessary for their reorganization.

15.  The Butkos plan "modifies" Ciccozzi's claim which the Butkos are entitled to do because the final payment due under the settlement is within 5 years of the petition date (the last month of the loan agreement is August, 2020).

16.  The balance owed to Ciccozzi on the petition date under the settlement agreement is $34,475. This amount is comprised of $6,700 for the last four payments of $1,675 due under the agreement from May to August, 2020, and a $27,775 arrearage on the petition date. The plan provide that Ciccozzi is to be paid in full in plan month 12 from a sale. For the first 11 months of the plan, Ciccozzi is paid $727.16 per month. This amount is comprised of principal and interest payments of $627.26 on a total claim of $34,475 (with interest at 3.5% and a 60 month amortization schedule) plus $100 month for insurance. The payments under the plan are adequate protection of Ciccozzi's interest in the property.

17.  The Butkos have sufficient equity in their residence that a sale will produce sufficient funds to:

a.  Pay Ciccozzi in full;
b.  Pay a $52,947 exemption claim;

  c. Pay $91,4547 to their unsecured creditors to pay them in full; and
  d. Leave a remainder of $23,000 to the Buktos after paying all claims in full.

The following is an estimate of the distribution of the sale proceeds:

| | |
|---|---|
| Sale price in May, 2021 | 225,000 |
| Less costs of sale (6% broker fee + 1% tr. tax) | (15,750) |
| Less sale legal fees | (3,000) |
| Net sale proceeds | 206,250 |
| Less Ciccozzi 28,000 balance + 3,600 r. e. tax | (31,600) |
| Less Butkos exemption | (52,947) |
| Less 100% of unsecured claims | (91,457) |
| Less Trustee fees (7.9 x 91,457) | (7,225) |
| Balance to Butkos | 23,021 |

  WHEREFORE, the Butkos request the Court to deny the motion for relief from stay filed by Ronald A. Ciccozzi.

           Respectfully submitted,

Executed on May 11, 2020   /s/Max Feldman, Esquire
               Max Feldman, Esquire
               1322 Fifth Avenue

Coraopolis, PA   15108  
412.262.6181  
412-262-6344 – fax  
mfeldman@attorneyfeldman.com  
PA I.D. 56429