IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In Re:** ) | |
| **RICHARD P. BUTKO and** ) | **Case No. 20-21255 GLT** |
| **LORRAINE E. BUTKO,** ) | **Chapter 13** |
| **Debtors.** ) | **Docket No.** |
| ) | **Hearing Date and Time:** |
| **RICHARD P. BUTKO and** ) | |
| **LORRAINE E. BUTKO,** ) | |
| **Movants,** ) | |
| **vs** ) | |
| **RONALD A. CICCOZZI,** ) | |
| **Respondent.** ) | |

### DEBTORS' MEMORANDUM AT LAW ON
### WHY THEY HAVE AN INTEREST IN THEIR RESIDENCE
### WHICH IS PROTECTED BY THE AUTOMATIC STAY

The Debtors, Richard Butko and Lorraine Butko ("Butkos"), submit this memorandum of law to address:

1) why the Butkos retain an interest in their home which is protected by the automatic stay; [because Act 6 give them a cure right until sheriff sale] and

2) why the holding in *In re Belmonte*, 240 B.R. 843, 850 (Bankr. E.D. Pa. 1999), aff'd in part, rev'd Bankr. E.D. l Pa. 2001) is inapplicable to whether the Butkos have an interest in their home [because the installment sale contract in *In re Belmonte* was *not* subject to Act 6].

The Settlement Agreement between the Buktos and Ronald Ciccozzi is an installment land sale contract, and governed by Act 6 because it is the Butkos' residence, is within the monetary limits of Act 6, and is the type of security device covered by Act 6. *See,* 41 P.S.§101 and *Anderson Contracting Company v. Daugherty*, 274 Pa. Super. 13, 19, 417 A.2d 1227, 1232 (1979) *appeal dismissed* 492 Pa. 630, 425 A.2d 329 (1980).[1]

---

[1] ...(W)e ... conclude that a real estate security transaction, such as the instant land

1

Pennsylvania bankruptcy courts which have addressed the question have followed *Anderson Contracting* and have classified installment land contracts subject to Act 6 as security devices, i.e. residential mortgages. *Bankers Trust Co. v. Grove (In re Grove),* 208 B.R. 845, 846–47 ( Bankr. W.D.Pa.1997). *In re Paveglio,* 1995 WL 465339, *4 (Bankr.M.D.Pa., May 21, 1993); *In re Gochenaur,* 1995 WL 465332, *4 (Bankr.M.D.Pa.1993); *Rowe v. Conners (In re Rowe),* 110 B.R. 712, 723 (Bankr.E.D.Pa.1990); *In re Capodanno,* 83 B.R. 285, 286 (Bankr.E.D.Pa.1988); *Fox v. Hill (In re Fox),* 83 B.R. 290, 297–302 (Bankr.E.D.Pa.1988). In dicta, this Court also concluded that the Settlement Agreement is a installment land sale agreement governed by Act 6. *Butko v. Ciccozzi (In re Butko),* 584 B.R. 97, 102-104 (Bankr. W.D. Pa. 2018).

Under Pennsylvania law, vendees under an installment land sale agreement covered by Act 6 retain an interest in the property until the property is sold. Judge Fitzgerald explained:

> Debtors have remained in possession of the property. This fact is relevant to whether Debtors retain any interest in the property. *In In re Atlantic Business and Community Corporation*, 901 F.2d 325 (3d Cir. 1990), the Court of Appeals for the Third Circuit held that the possessory interest of a tenant-at-sufferance was "sufficient to invoke the protections of the automatic stay" and that mere possession created a property interest. 901 F.2d at 328. In the case at bar, Debtors' possessory interest is entitled to the same protection. Notwithstanding the judgment for possession entered in favor of Bankers Trust, *Debtors' possessory interest was not terminated prepetition because the property was not sold at foreclosure.* Debtors remained in possession as of the bankruptcy filing date and Bankers Trust was precluded from obtaining possession, ...by virtue of the ...the automatic stay. Pursuant to *Atlantic Business*, supra, Debtors' possessory interest is sufficient for denial of relief from stay pending further proceedings in this case.

*Bankers Trust Co. v. Grove (In re Grove),* 208 B.R. 845, 847 (Bankr. W.D.Pa.1997); emphasis added

---

installment contract, should not be denied treatment as a "residential mortgage" solely because the vendor retains legal title as security for payment of the contract price. In short, we hold that for the purposes of Act No. 6 a vendor under a land installment contract will be deemed to be "secured by a lien upon real property... . *Anderson Contracting Company v. Daugherty*, 417 A.2d at 1232.

If it were otherwise, Act 6's protections, including the right to cure up until one hour before a sheriff's sale, would be meaningless. 41 P.S. § 404. To rule otherwise would obliterate the statutory protections of Act 6 [2] and ignore the clear holding *of Anderson Contracting*.[3]

While a judgment for possession in an installment sale agreement *not* governed by Act 6 may extinguish the vendee's interest in the property as the Court in *Belmonte* holds, its rationale does not apply to this case because the Butkos' settlement agreement with Ciccozzi is governed by Act 6. The Court in *Belmonte* acknowledged that the installment agreement in that case was *not* governed by Act 6.[4]

For the foregoing reasons, the Butkos retain an interest in their residence until that interest is sold at a sheriff's sale, which has not occurred. The protections of the automatic stay apply and the Butkos have a right to cure their "residential mortgage" in a chapter 13 plan. See also, 11 U.S.C § 1322 (c); *In re Grove,* 208 B.R. 845, 848 (Bankr. W.D.Pa.1997).[5]

---

[2] The protections of Act 6 are not waivable by agreement. 41 P.S. § 408 ("Notwithstanding any other law, the provisions of this act may not be waived by any oral or written agreement executed by any person.")

[3] It is our opinion that the rights and remedies provided by Act No. 6, in particular, the cure provisions of Section 404 of the Act, 41 P.S. s 404, should not be denied to a class of Pennsylvania home purchasers solely because their obligation to pay the balance of the purchase price is evidenced and secured by a land installment contract as opposed to some other transaction also designed to create a security interest in real estate. *Anderson Contracting Company v. Daugherty*, 417 A.2d at 1232.

[4] In this case, however, Act 6 does not come into play because the instant land contract is for a sale price in excess of $50,000. *In re Belmonte*, 240 B.R. 843, 853 (Bankr. E.D. Pa. 1999).

[5] Suffice it to say that Debtors' obligation under the land installment sale contract can be cured and paid through the plan. *In re Grove,* 208 B.R. 845, 848 (Bankr. W.D.Pa.1997).

Respectfully submitted,

/s/ Max C. Feldman
Max C. Feldman, Esquire
Attorney for Debtors
1322 Fifth Avenue
Coraopolis, PA  15108
412.262.6181
mfeldman@attorneyfeldman.com

PA I.D. 56429