FILED
7/1/20 2:47 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: : | Case No. 20-21255-GLT |
| : | Chapter 13 |
| **RICHARD P. BUTKO AND** : | |
| **LORRAINE E. BUTKO**, : | |
| *Debtors*. : | |
| | |
| **RONALD A. CICCOZZI**, : | |
| *Movant*, : | Related to Dkt. Nos. 15, 26, 39 |
| v. : | |
| **RICHARD P. BUTKO AND** : | |
| **LORRAINE E. BUTKO**, : | |
| *Respondents*. : | |

Christian M. Rieger, Esq.          Max C. Feldman, Esq.
The Law Office of Christian M. Rieger     Law Offices of Max C. Feldman
Pittsburgh, PA                     Coraopolis, PA
Attorney for Mr. Ciccozzi          Attorney for the Butkos

## MEMORANDUM OPINION

The efficacy of relief under the Bankruptcy Code[1] often turns on timing: once the horses have bolted, it is too late to shut the barn door. Such is the case here. Once again, Richard P. and Lorraine E. Butko and Ronald A. Ciccozzi are before this Court to continue their years-long battle across the state and federal courts to settle the rights to a residential property in

---

[1] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, *et seq*. All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

Monaca, Pennsylvania after a failed installment land contract transaction.[2] A year and a half ago, the Court entered a *Judgment for Possession* (the "Judgment") in favor of Mr. Ciccozzi in the Butkos' prior case after they defaulted on the parties' Court-approved settlement (the "Settlement Agreement")[3] that was meant to finally resolve the matter.[4] Following an unsuccessful collateral attack on the *Judgment* in the state court,[5] the Butkos filed a new case and now seek to cure their default under the *Settlement Agreement* through a chapter 13 plan. Viewing this new bankruptcy as yet another attempt to frustrate his efforts to gain control of the property, Mr. Ciccozzi requests relief from the automatic stay under section 362(d)(1) and (d)(4)(B).[6] The Butkos oppose the request.[7] Ultimately, because the Butkos no longer have any cure rights under applicable nonbankruptcy law, the Court will grant the *Motion*.

**I.    JURISDICTION**

This Court has authority to exercise jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a), 1334, and the Order of Reference entered by the United States District Court for the Western District of Pennsylvania on October 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(G).

**II.    DISCUSSION**

The material facts are few and not in dispute. A final judgment for possession has entered against the Butkos, but they remain in physical possession of the property. Although the United States Court of Appeals for the Third Circuit has stated that "mere possession of property

---

[2] See Butko v. Ciccozzi (In re Butko), 584 B.R. 97, 99 (Bankr. W.D. Pa. 2018).

[3] See *Settlement Agreement*, Dkt. No. 26-1.

[4] See *Judgment for Possession*, Case No. 16-23695-GLT, Dkt. No. 274.

[5] See *Decision and Order*, Dkt. No. 15-1.

[6] *Motion for Relief from the Automatic Stay and For Equitable Relief* (the "Motion"), Dkt. No. 15.

[7] *Debtors' Response to Motion for Relief from Stay and For Equitable Relief Filed By Ronald A. Ciccozzi* (the "Response"), Dkt. No. 26.

at the time of filing is sufficient to invoke the protections of the automatic stay,"[8] "cause" nonetheless exists to lift the stay under section 362(d)(1) if the debtor lacks any further legal or equitable interest in the property.[9] Thus, the question presented by the *Motion* and *Response* is whether the Butkos may cure their default under the *Settlement Agreement* despite the entry of the *Judgment*. If not, relief from stay should enter.

> Pursuant to section 1322(b)(5), a plan may
>
> provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.[10]

A fully matured debt "secured only by a security interest in real property that is the debtor's principal residence" also may be paid as modified under section 1325(a)(5).[11] Section 1322(c)(1) further states that "a default with respect to . . . a lien on the debtor's principal residence may be cured . . . until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law."[12]

The Court previously held that the *Settlement Agreement* was in the nature of a novation and was itself an "installment land contract."[13] Under Pennsylvania law, installment

---

[8] In re Atl. Bus. & Cmty. Corp., 901 F.2d 325, 328 (3d Cir. 1990).

[9] See Twin Rivers Lake Apts. Horizontal Prop. Regime, Inc. v. Wallner, No. CIVA 05-4560, 2006 WL 2023188, at *9 (D.N.J. July 18, 2006); The Buncher Co. v. Flabeg Solar US Corp. (In re Flabeg Solar US Corp.), 499 B.R. 475, 483 (Bankr. W.D. Pa. 2013); In re Ramreddy, Inc., 440 B.R. 103, 116 (Bankr. E.D. Pa. 2009); In re Burch, 401 B.R. 153, 157 (Bankr. E.D. Pa. 2008); Crawford Sq. Cmty. v. Turner (In re Turner), 326 B.R. 563, 573 (Bankr. W.D. Pa. 2005).

[10] 11 U.S.C. § 1322(b)(5).

[11] 11 U.S.C. § 1322(c)(2).

[12] 11 U.S.C. § 1322(c)(1).

[13] See In re Butko, 584 B.R at 104 (citing Anderson Contracting Co. v. Daugherty, 274 Pa. Super. 13, 417 A.2d 1227, 1231 (1979)).

land contracts are treated as security instruments.[14] Generally, the Loan Interest and Protection Law, more commonly known as "Act 6,"[15] provides that a "residential mortgage obligation" may be cured "at any time at least one hour prior to the commencement of bidding at a sheriff's sale" of the obligor's interest in the residence.[16] While there is no doubt that installment land contracts fall within Act 6,[17] it must be applied *by analogy* because the vendor's retention of legal title until completion of the contract renders a sheriff's sale unnecessary.[18] Instead, a vendee's equitable interest in the subject property is extinguished through judicial proceedings.[19] Therefore, applying the Act 6 cure period by analogy, courts hold that a vendee may cure a default under an installment land contract up to one hour prior to entry of a judgment terminating the vendee's rights.[20]

That said, the Butkos cite *In re Grove* for the proposition that a debtor's possessory interest in property subject to an installment land contract is not terminated until the property is sold at foreclosure.[21] *Grove* involved facts similar to this case, but with key distinctions. After Bankers Trust obtained a prepetition judgment for possession due to the

---

[14] Anderson Contracting Co. v. Daugherty, 417 A.2d at 1231; see In re Butko, 584 B.R. at 102; In re Robinson, No. 03-18339, 2003 WL 22996982, at *3 (Bankr. E.D. Pa. Dec. 12, 2003); In re Belmonte, 240 B.R. 843, 850 (Bankr. E.D. Pa. 1999), aff'd in part, rev'd in part, 279 B.R. 812 (E.D. Pa. 2001); Trust Co. v. Grove (In re Grove), 208 B.R. 845, 847 (Bankr. W.D. Pa. 1997); Bankers Rowe v. Connors (In re Rowe), 110 B.R. 712, 725 (Bankr. E.D. Pa. 1990).

[15] 41 Pa. Stat. Ann. § 101 *et seq.*

[16] 41 Pa. Stat. Ann. § 404(a).

[17] See In re Butko, 584 B.R. at 102; In re Grove, 208 B.R. at 847; In re Paveglio, No. 1-92-01171, 1995 WL 465339, at *4 (Bankr. M.D. Pa. May 21, 1993); In re Gochenaur, No. 1-91-001470, 1995 WL 465332, at *4 (Bankr. M.D. Pa. May 19, 1993); Anderson Contracting Co. v. Daugherty, 417 A.2d at 1229.

[18] See In re Callahan, No. CIV.A. 03-6447, 2004 WL 350753, at *3 (E.D. Pa. Jan. 30, 2004); In re Belmonte, 240 B.R. at 852; In re Rowe, 110 B.R. at 722.

[19] Id.; but see In re Robinson, No. 03-18339, 2003 WL 22996982, at *3 (Bankr. E.D. Pa. Dec. 12, 2003) (by expressly stating that the vendee had the right to cure up until one hour prior to a foreclosure sale, the vendor's Act 6 notice voluntarily expanded the vendee's cure rights beyond those recognized under *Belmonte*).

[20] In re Callahan, 2004 WL 350753, at *3; In re Belmonte, 240 B.R. at 852; In re Rowe, 110 B.R. at 722.

[21] In re Grove, 208 B.R. at 847.

debtors' default on an installment land contract, the debtors secured a stay pending their timely appeal of the judgment.[22] The debtors, who remained in physical possession of the property, then commenced a chapter 13 case to cure their default in the same manner proposed by the Butkos.[23] The court denied Bankers Trust relief from stay, explaining that:

> Notwithstanding the judgment for possession entered in favor of Bankers Trust, *Debtors' possessory interest was not terminated prepetition because the property was not sold at foreclosure*. Debtors remained in possession as of the bankruptcy filing date and Bankers Trust was precluded from obtaining possession, first by virtue of the state court order of stay pending appeal and second by the automatic stay. Pursuant to *Atlantic Business*, *supra*, Debtors' possessory interest is sufficient for denial of relief from stay pending further proceedings in this case.[24]

The court also concluded that the debtors could cure the default, reasoning that section 1322(b)(5) and (c)(1) permit cures "'until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law.'"[25]

Upon review, the Court largely agrees with *Grove*, but finds the emphasized statement relied on by the Butkos to be erroneous dicta. Other cases make clear that a vendee's interest in property subject to an installment land contract may be terminated by a judgment rather than a sheriff's sale.[26] On the facts presented, however, the court correctly found that the debtors' rights were not terminated by the judgment for possession because the operative stays prevented it from becoming a final order. As a result, the debtors in *Grove* had a sufficient equitable interest under state law on the petition date to invoke section 1322(b)(5).

---

[22]    Id. at 846.

[23]    Id.

[24]    Id. at 847 (footnote omitted) (emphasis added).

[25]    Id. at 848 (quoting 11 U.S.C. § 1322(c)(1)).

[26]    See In re Callahan, 2004 WL 350753, at *3; In re Belmonte, 240 B.R. at 852; In re Rowe, 110 B.R. at 722. Notably, the court relied on In re Rowe, but did not address this point.

In contrast, the *Judgment* against the Butkos is a final, unappealable order. Consequently, their equitable interest in the property has long since terminated, leaving them with no right to cure their default under state or federal law.[27] A bare possessory interest on the petition date without a colorable legal or equitable claim "is not enough to sustain the protections of the automatic stay."[28] Accordingly, Mr. Ciccozzi is entitled to relief from stay to pursue his rights under state law under section 362(d)(1).[29]

### III. CONCLUSION

In light of the foregoing, the Court will grant the *Motion*. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Pittsburgh, Pennsylvania.

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Dated: July 1, 2020

Case administrator to mail to:
The Butkos
Christian M. Rieger, Esq.
Max C. Feldman, Esq.

---

[27] See In re Connors, 497 F.3d 314, 321 (3d Cir. 2007) (recognizing that section 1322(c)(1) only affords debtors the right to exercise the remedies provided under state law); see also T.D. Bank, N.A. v. LaPointe (In re LaPointe), 505 B.R. 589, 597 (B.A.P. 1st Cir. 2014) (1322(c)(1) does not create a federal right of redemption).

[28] In re Turner, 326 B.R. at 573.

[29] Because the Butkos do not have any equitable or legal rights to the property, *in rem* relief under section 362(d)(4)(B) is unnecessary.